THE COLONIAL LIFE INSURANCE COMPANY OF AMERICA, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, DEFENDANTS.

Submitted October 1, 1940—Decided January 21, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *William R. Gannon*.

For the defendants, *James A. Hamill* and *Frank P. McCarthy*.

PER CURIAM.

This writ brings up for review the judgment of the State Board of Tax Appeals reducing an assessment on land and improvements known as block 1852, lot E-5, No. 964 West Side avenue, in the city of Jersey City, for the year 1938. The property was assessed for taxation at a valuation of $64,000, being $28,700 on land and $35,300 on the building. On appeal to the Hudson County Board of Taxation, the assessment was affirmed. Appeal was taken to the State Board of Tax Appeals, which reduced the assessment to $58,700, being $28,700 on the land and $30,000 on the building. The improvement is described by prosecutor's expert as "a one-story, brick garage building with a frame roof supported on

steel—part of the roof is supported on steel trusses; the balance of the roof is supported on girders with steel columns. The radiation is furnished by two univents. The building is in good physical condition." It contains 15,347 square feet. The land is located on the northeast corner of Sip and West Side avenues, running 105.88 feet on Sip avenue and 171.56 on West Side avenue and is slightly irregular in shape.

A real estate expert produced before the State Board testified that, in his opinion, the property would have sold at private sale, between a ready buyer and willing seller, on October 1st, 1937, for $43,200, divided at $18,600 for land and $24,600 for the building. Respondent's real estate expert testified that, as between seller and willing buyer, in his opinion, the property would have sold, on the same date, for $66,500, divided as $29,300 for land and $37,200 for the building.

The statute requires that property shall be assessed for taxation at such value as, in the judgment of the assessor, the property "would sell for at a fair and *bona fide* sale by private contract," that is the price the property would likely bring at a sale between one willing, but not obliged to sell and one willing, but not obliged to buy. The presumption is that the assessment made by proper authority is correct. The burden is on the appellant to show that the assessment as returned is not in accordance with true value. *New Jersey Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490, 494.

A careful review of the testimony does not persuade us that prosecutor has shown that the judgment under review is erroneous. When the location and sales of comparable property are considered, it appears that the values fixed are not in excess of the reasonable price such property would produce by sale under the statutory formula. The judgment of the State Board of Tax Appeals under review is affirmed, and the writ of *certiorari* is discharged, with costs.